IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BAXTER BAILEY & ASSOCIATES, INC.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-16-1649 |
| **HOVNANIAN ENTERPRISES, INC.,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Hovnanian Enterprises, Inc.'s motion to dismiss for lack of subject matter jurisdiction. (ECF No. 12.) That motion has been fully briefed. (ECF Nos. 14, 15.) Also pending is Plaintiff Baxter Bailey & Associates, Inc.'s related motion for leave to file a surreply (ECF No. 16), which Defendant opposes (ECF No. 17). No hearing is necessary on either motion. *See* Local Rule 105.6 (D. Md. 2016.) For the reasons stated below, Plaintiff's motion for leave to file a surreply will be granted, Plaintiff's proposed surreply (ECF No. 16-1) will be docketed as a surreply, and Defendant's motion to dismiss will be denied.

### I. *Standard for Dismissal for Lack of Standing*

A plaintiff's standing to sue in federal court is "an essential and unchanging part of the case or controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have Article III standing, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014) (citing

*Lujan*, 504 U.S. at 560). The burden of establishing standing lies with the party invoking federal jurisdiction. *Lujan*, 504 U.S. at 561.

A challenge to standing, like other issues of federal subject-matter jurisdiction, may be either facial (i.e., the complaint fails to allege facts upon which subject-matter jurisdiction can be based), or factual (i.e., the complaint's jurisdictional allegations are not true). *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In the case of a factual challenge, it is permissible for a district court to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219).

## II.   *Factual Allegations*[1]

The present action arises from an alleged agreement between Defendant and Eco Tarp Systems International, LLC ("Eco Tarp") in which Defendant, a real estate development company, allegedly contracted to rent two hundred tarps over a period from July 31, 2015, to December 31, 2016, which Eco Tarp would deliver, install, and maintain in exchange for a set fee schedule. (Compl. ¶¶ 5–8, ECF No. 1.) In a subsequent arrangement, Eco Tarp further agreed to perform mold remediation at one of Defendant's project sites. (*Id.* at ¶ 12.) According to the complaint, Eco Tarp began performance on the tarp rental contract, provided the requested mold remediation, and submitted several invoices to Defendant. (*Id.* at ¶ 9–13.) However, Defendant soon stopped making payments and, on October 28, 2015, announced its intention to terminate the tarp rental contract with Eco Tarp. (*Id.* at ¶¶ 11, 14–15.) Defendant's termination

---

[1] Considering that this memorandum evaluates a Rule 12 motion to dismiss, the Court here summarizes the allegations as presented by Plaintiff in its complaint. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Where indicated, the Court supplements these allegations with evidence from outside the pleadings, as is permitted when assessing a factual challenge to jurisdiction. *Richmond, Fredericksburg & Potomac R.R.. Co*, 945 F.2d at 768.

allegedly triggered an acceleration clause, giving Eco Tarp a right to collect on the entirety of Defendant's obligations under the full term of the contract. (*Id.* at ¶ 18.)

According to Plaintiff, it subsequently executed an agreement with Eco Tarp whereby Eco Tarp assigned Plaintiff all its rights to collect on Defendant's obligations. (*Id.* at ¶ 19.) Subsequent to its initial agreement with Eco Tarp (Assignment Agreement, ECF No. 12-2), Plaintiff filed a financing statement with the Virginia State Corporation Commission (Financing Statement, ECF. No. 12-3) and, later still, executed a supplement to the assignment agreement (Assignment Supplement, ECF No. 14-1). To date, Defendant has refused to acknowledge any obligation to render payment to Plaintiff. (Compl. ¶ 20.)

## III. Analysis

Defendant argues that Eco Tarp's assignment to Plaintiff was invalid, and that as a result, Plaintiff lacks standing to pursue the present litigation. (Mot. to Dismiss 2.) Defendant first argues that, on its face, the assignment agreement fails to convey to Plaintiff legal title and ownership of Eco Tarp's claim against Defendant, a necessary requirement for it to have standing. (*Id.* at 10–11.) Alternatively, Defendant claims that even if facially valid, any purported assignment by Eco Tarp to Plaintiff violates Mississippi's prohibition on champerty and is therefore void, thus destroying Plaintiff's standing. (Def.'s Reply 5.) The Court rejects both arguments.

### A. *Plaintiff's Petition to File a Surreply*

Although surreplies are disfavored in this District, the Court may grant leave to file a surreply under appropriate circumstances. *See* Local Rule 105.2(a) (D. Md. 2016). One such circumstance is where the "moving party would be unable to contest matters presented to the

court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (per curiam).

It was not until its reply brief that Defendant introduced its argument that Plaintiff's lawsuit should be barred by Mississippi's anti-champerty statute. (Def.'s Reply 5.) The Court does not view Defendant's champerty theory as an obviously foreseeable response to Plaintiff's observation that its contract with Eco Tarp is governed by Mississippi law. Because Plaintiff would otherwise be unable to respond to Defendant's argument, the Court will grant Plaintiff's motion for leave to file its proposed surreply.

### B. *Facial Validity of the Assignment Agreement*

Eco Tarp and Plaintiff expressly stated that their assignment agreement would be governed by the laws of Mississippi. (Assignment Agreement, ECF No. 12-2.) Mississippi law allows for the assignment of contractual rights, permitting a party to cede its rights under a contract to an assignee, who may then exercise those rights. Miss. Code Ann. § 11-7-3 (2016) ("The assignee of any chose in action may sue for and recover on the same in his own name, if the assignment be in writing."). Notably, the statutory definition of "assignee" explicitly covers both absolute assignees and conditional or limited assignees "including assignees for collection purposes." *Id.* To be effective, an assignment must convey legal title and ownership of a claim to the assignee. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008) (observing that "where assignment is at issue, courts—both before and after the founding—have always permitted the party with legal title alone to bring suit; and that there is a strong tradition specifically of suits by assignees for collection").

Whether or not the agreement signed on November 24, 2015, made Plaintiff owner of the right to collect on Eco Tarp's claim is a murky question that need not be resolved in order for

this case to proceed. Similarly, it is ultimately of no import whether Plaintiff's financing statement was inaccurate or mistaken when it purported to identify a security interest held by Plaintiff in rights that remained the property of Eco Tarp. Rather, this Court is asked to determine whether, on May 26, 2016, the date the instant suit was filed, Plaintiff had standing to bring its claims. *See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (observing that long-settled law indicates that a court's jurisdiction depends on "the state of things at the time of the action brought"). Two days before the complaint was filed, Plaintiff and Eco Tarp signed a supplement to their prior assignment agreement. (Assignment Supplement, ECF No. 14-1.) In that supplement, they certified Plaintiff to be "the owner of all [Eco Tarp's] claims for damages arising in any way from the relationship between [Eco Tarp] and [Defendant]." (*Id.*) Taking this supplement together with the original assignment agreement, the Court concludes that at the time Plaintiff filed its complaint, the combined documents purported to give Plaintiff the legal right to collect on Defendant's debt to Eco Tarp. However, the Court's jurisdictional inquiry cannot stop there because Defendant further alleges that the agreement is void for violating Mississippi's prohibition on champerty.

### C. *Applicability of Mississippi's Anti-Champerty Statute*

To comply with Mississippi law, assignment of a claim must not only abide by the assignment statute, but it must also avoid champerty. *Sneed v. Ford Motor Co.*, 735 So. 2d 306, 311 (Miss. 1999). Champerty is defined as a "bargain between a stranger and a party to a lawsuit by which the stranger pursues the party's claim in consideration of receiving part of any judgment proceeds." *Id.* at 309 (quoting *Black's Law Dictionary* 157 (6th ed. 1990)). Mississippi law prohibits the offering or acceptance of money "as an inducement to any person to commence or to prosecute further . . . any proceeding in any court." Miss. Code. Ann. § 97-9-

11 (2016). A contract that violates the prohibition on champerty is void. *Sneed*, 735 So. 2d at 315. However, a party paying its own litigation costs does not commit champerty when it has a legitimate interest in the case at bar. *Id.* at 311.

In the instant case, there was no "bargain between a stranger and a party to a lawsuit," and no entity was induced "to commence or to prosecute further" any proceeding in this Court. First of all, Eco Tarp is not a party to the lawsuit and was not induced to prosecute any proceeding. Second, because Plaintiff has a legal right to collect on Defendant's debt to Eco Tarp, and because it had such a right prior to filing the complaint, Plaintiff is no stranger to the lawsuit. Furthermore, the Court notes Defendant's failure to cite a single case in which a debt collector (or any other party, for that matter) has been found to violate Mississippi's anti-champerty statute.

The Court finds, for purposes of resolving this motion to dismiss, that Eco Tarp's assignment to Plaintiff is valid and is not champertous. Consequently, Plaintiff has standing to bring its claims, the Court has jurisdiction to hear the case, and Defendant's motion to dismiss will be denied.

## IV. Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has standing to bring its claim. It is therefore ORDERED:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction (ECF No. 12) is DENIED;

2. Plaintiff's motion for leave to file a surreply (ECF No. 16) is GRANTED;

3. The CLERK IS DIRECTED to docket Plaintiff's proposed surreply (ECF No. 16-1) as a surreply; and

4. Defendant SHALL ANSWER in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED this 27th day of October, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge